UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAED JARRAR,

       Plaintiff,      **MEMORANDUM**
               **AND ORDER**
  - against -

               07-CV-3299 (CBA) (JO)

GARFIELD HARRIS, et al.,
       Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

  Plaintiff Raed Jarrar ("Jarrar") gave testimony at a deposition on August 26, 2008. After just over seven hours of questions and answers, the transcript of which extends to 337 pages, Jarrar's counsel abruptly ended the deposition. Deposition Transcript dated Aug. 26, 2008 ("Tr.") at 338.[1] In a letter-motion dated September 4, 2008, defendant JetBlue Airways Corp. ("JetBlue") seeks leave, pursuant to Federal Rule of Civil Procedure 30(d)(1), to continue questioning Jarrar for up to five hours. Docket Entry ("DE") 55. Defendants Garfield Harris and Franco Trotta join in the request, although they assert that five hours should be the "minimum" amount of time allotted to the defendants to conclude their examination of Jarrar. DE 56 at 4. Jarrar opposes any such relief, although he does not gainsay the defendants' assertion that he had offered to resolve this dispute along with others in part by offering to testify for some additional amount of time. DE 57; *see* DE 55 at 2. Despite renewed negotiations, the parties remain unable to resolve their differences. *See* DE 70. I now grant partial relief: specifically, the defendants may jointly examine Jarrar for one additional hour. I direct that Jarrar make himself available for that purpose no later than September 29, 2008.

---

[1] The deposition began at 10:34 a.m., ended at 7:38 p.m., and was in recess for a total of 142 minutes. *See* Tr. 2, 67, 103, 132, 181, 200-01, 232, 273, 287, 338.

I have reviewed the parties' submissions on this motion, as well as the motion for similar relief that I denied as premature on August 21, 2008. *See* DE 51. Having done so, I am convinced that seven hours is almost certainly sufficient time to fairly examine the deponent; moreover I am not persuaded that Jarrar, his counsel, or any other person impeded or delayed Jarrar's examination. Accordingly, I am not required to grant any relief under the applicable rule. *See* Fed. R. Civ. P. 30(d)(1). However, I exercise my discretion to grant limited relief for two reasons. First, although the defendants' insistence on asking a great many questions of minimal (if any) relevance, as well as many needlessly argumentative questions, is primarily responsible for their failure to address all of the topics on which they wished to question Jarrar, there are undoubtedly at least some instances in the transcript when Jarrar's answers were needlessly prolix – although certainly not enough to have wasted an hour of the defendants' allotted time.

Second, and more important, Jarrar's counsel was simply too abrupt in terminating the deposition at almost precisely the seven-hour mark. To be sure, he did make comments – hardly unusual at a deposition – to the effect that the defendants were wasting limited time. *See* Tr. 239, 267. He even went so far, late in the deposition, to append to an objection the observation that "[y]ou got about a half-hour left." Tr. 312. But as far as I can see, Jarrar's counsel never expressed an intention to stand so unyieldingly on the letter of the rule that he would stop all questioning almost exactly after seven hours had elapsed, regardless of how much or little time the defendants' counsel intended to continue. Nor would such a stance, if stated, have been in accord with his position as stated before me when the issue was first raised in advance of the deposition; to the contrary, Jarrar's counsel at that time expressed an intention to be reasonable to ensure that his client's testimony would conclude in one sitting. *See* DE 51 (denying motion to extend the seven-hour limit in advance of Jarrar's deposition "without prejudice to renewal after

the parties have attempted in good faith to complete the deposition within seven hours *(or additional time to which the plaintiff may consent)*") (emphasis added).

Jarrar's counsel certainly had plenty of opportunities during the deposition to express the view that the defendants were wasting time and that he would not agree to any extension of the seven-hour limit – starting with the very first, wholly unnecessary line of questions in which JetBlue's counsel inquired at length into Jarrar's understanding of the concept of "truth," whether he had ever lied, and if so about what, Tr. 9-12; and continuing throughout the many digressions by counsel for the individual defendants into such tangential matters as Jarrar's relationship with his mother, Tr. 267, and events that long pre-dated the incident at issue in this lawsuit. Had Jarrar's counsel given opposing counsel fair warning of his intention to stand firm on the seven-hour limit, his adversaries may well have wasted less time on such extraneous issues.

The rules of this court require counsel "to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, *including in matters relating to scheduling and timing* of various discovery procedures." Loc. Civ. R. 26.5 (emphasis added). Adherence to this salutary rule has been exceptionally poor in this case. One effect of that non-compliance is a ruling on the instant motion that would otherwise be wholly unnecessary. For the reasons set forth above, I grant the defendants one hour of additional time, to be used jointly, to bring the deposition of plaintiff Raed Jarrar to an orderly conclusion.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 22, 2008

                                              /s/ James Orenstein
                                              JAMES ORENSTEIN
                                              U.S. Magistrate Judge