UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAED JARRAR,

                                Plaintiff,

              - against -

GARFIELD HARRIS, in his individual
capacity; JETBLUE AIRWAYS, CORP.; and
FRANCO TROTTA, in his individual capacity,

                                Defendants.

Civil Action No.
1:07-cv-03299-CBA-JO

## STIPULATED SETTLEMENT AGREEMENT
## AND RETENTION OF JURISDICTION

This Stipulated Settlement Agreement and Retention of Jurisdiction (hereinafter "Agreement") is made by and among JETBLUE AIRWAYS CORP. ("JetBlue"), GARFIELD HARRIS ("Harris"), and FRANCO TROTTA ("Trotta") (hereinafter referred individually and collectively as "Defendants"), on the one hand; and RAED JARRAR ("Jarrar" or "Plaintiff"), on behalf of himself and each of his respective heirs, successors, and assigns, on the other.   JETBLUE, HARRIS, TROTTA, and JARRAR are from time to time referred to hereinafter individually as a "Party" and collectively as the "Parties."

WHEREAS, Jarrar and/or his agents filed complaints and commenced proceedings with various administrative agencies (the "Administrative Proceedings") alleging he was mistreated by Defendants on or about August 12, 2006, while attempting to travel on JetBlue flight 101 from JFK International Airport to Oakland (the "Incident"); and

WHEREAS, on or about August 9, 2007, Jarrar filed a Complaint, subsequently amended, in the United States District Court for the Eastern District of New York, commencing an action entitled *Jarrar v. Harris* et al., Civil Action No. 07-CV-3299(CBA)(JO) (the "Lawsuit"), against, *inter alia*, Defendants, and alleging discriminatory conduct and violations of Jarrar's constitutional rights as a result of the alleged Incident; and

WHEREAS, Defendants expressly deny any and all allegations of wrongdoing made against them by Jarrar, Plaintiff's Counsel, and/or Jarrar's agents, in the Lawsuit, the Administrative Proceedings, or any other forum; and

WHEREAS, it is the desire of the Parties to resolve all disputes as and between and among them and to settle the Lawsuit; and

WHEREAS, the Lawsuit shall be dismissed with prejudice, expressly on the basis of no admission of liability or fault or wrongdoing or responsibility for any of the claims in the Lawsuit, any such liability or fault or wrongdoing or responsibility being expressly denied by Defendants;

NOW, THEREFORE, in consideration of the promises and mutual covenants herein contained, and other good and valuable consideration passing between the Parties, and intending to be legally bound hereby, it is agreed:

## DEFINITIONS

The Definitions contained herein shall only apply to this Agreement and shall not apply to any other agreement, nor shall the terms defined herein be

used as evidence, except with respect to this Agreement, of the meaning of any of them.

A.    "Claim" shall mean any past, present or future claim, notice, demand, request, inquiry, order, action, right, count, cause of action, lawsuit, cross-complaint, counter-complaint, administrative proceeding, arbitration, mediation, order, judgment, statutory or regulatory obligation, settlement, request for information or allegation of any kind, character or nature arising from or related to the Incident, whether known, unknown or suspected or unsuspected, whether at law or in equity, and whether sounding in constitutional law, tort, contract, equity, nuisance, trespass, negligence, strict liability or any constitutional, statutory, regulatory, common law or foreign law cause of action of any kind whatsoever, including those which were or could have been asserted in the Administrative Proceedings or in the Lawsuit.

B.    "Settlement Sum" shall mean Two Hundred and Forty Thousand Dollars and no cents ($240,000.00), plus interest thereupon at the rate of five (5) percent per annum (calculated on a daily basis) accruing during the period commencing January 1, 2009, and ending upon the delivery of the Settlement Sum per the terms of this Agreement.

A.    **Delivery of Settlement Sum by Defendants**.

1.    Defendants shall, at their own cost, deliver a check or checks payable to "Raed Jarrar" in the Settlement Sum, on or before January 7, 2009, to:

Aden J. Fine
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

2.     The above-mentioned sum is the entire and only monetary consideration for this Agreement, and Jarrar shall be responsible for the payment of attorneys' fees and legal expenses of Jarrar and Jarrar's attorneys, the payment of any medical, hospital, and other fees and expenses, and the satisfaction of any liens (including, without limitation, workers' compensation liens) flowing from, arising out of, or in any way related to the Incident.   Defendants shall likewise be responsible for all of their attorneys' fees and legal expenses.

**B.     Dismissal of Lawsuit.**

3.     Simultaneously with the execution of this Agreement, the Parties agree to execute a Stipulation of Dismissal of the Lawsuit with Prejudice, in the form annexed hereto as Exhibit A, which will be filed with the Court by JetBlue within two business days after delivery of the Settlement Sum, and not before such delivery.   Notwithstanding the filing of the Stipulation of Dismissal of the Lawsuit with Prejudice, the Court shall retain jurisdiction to enforce the terms of this Agreement and the Parties' obligations hereunder.

**C.     Administrative Proceedings.**

4.     Jarrar represents and warrants that Exhibit B hereto represents a full, complete, and accurate listing of all Administrative Proceedings commenced by him and/or his agents, arising from or relating to the Incident.

5.     Simultaneously with the execution of this Agreement, Jarrar agrees to

4

terminate and revoke, with immediate effect, any and all powers of attorney or other agency powers granted by Jarrar to other persons or entities in order to allow them to commence and/or prosecute any of the Administrative Proceedings. Further, within two business days after delivery of the Settlement Sum, Jarrar agrees to send letters, in the form annexed hereto as Exhibit C, to the regulatory authorities for the Administrative Proceedings listed in Exhibit B. All such letters shall be sent by Jarrar to the regulatory authorities in Exhibit B by Certified Mail, Return Receipt Requested, and copied to Defendants as provided in paragraph 26, *infra*.

6.    Jarrar agrees that, with immediate effect, he will not continue or commence any administrative process or proceeding arising from or relating to the Incident, including but not limited to the pending Administrative Proceedings.

### D.    Release of JetBlue, Harris and Trotta by Jarrar.

7.    In consideration of the delivery of the Settlement Sum and the other covenants contained herein, Jarrar does for himself and for his successors and assigns fully and forever release and discharge each of JetBlue, Harris, and Trotta, and, as applicable, their present and former members, owners, shareholders, investors, employees, employers, supervisors, superiors, subordinates, coworkers, officers, directors, agencies, departments, underwriters, successors, parents, subsidiaries, affiliates, assigns, consultants, and sub-contractors ("Releasees"), and covenants not to prosecute or sue Releasees for or on account of any and all Claims, as defined in this Agreement, including, but not limited to, claims of constitutional

violations or discrimination, as well as any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, in admiralty or in equity, that Jarrar, his successors and assigns ever had, now have, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the day of the date of this Agreement, including without limitation any Claims under any federal or state regulation, statute or constitution, or any foreign law, including common law, which were raised or could have been raised in the Lawsuit or the Administrative Proceedings.

8.    It is intended by Jarrar and by Defendants that this Release shall be complete and shall not be subject to any claim of mistake of fact or law by Jarrar, and that it expresses a full and complete settlement of liability claimed and denied, as against Defendants and, regardless of the adequacy or inadequacy of the amount paid, this Release is intended to avoid litigation and to be final and complete.

9.    There is a risk that, subsequent to the execution of this Release, Jarrar may allege that he has incurred or suffered damages which he believes or alleges are in some way caused by or related to the Incident referred to above, but which are unknown and unanticipated at the time this Release is signed.  Jarrar shall assume all such risks, and this Release shall apply to any unknown or unanticipated results of the Incident as well as those known and anticipated.

6

10.     This Release is the result of a compromise of a disputed claim and is not an admission of liability or fault or wrongdoing or responsibility on the part of the parties hereby released, who continue to deny and disclaim such liability, fault, wrongdoing, or responsibility.  Defendants Harris and Trotta specifically disavow any allegation that their actions relating to the Incident violated any clearly established constitutional right actually or potentially possessed by Jarrar, specifically aver that their actions were at all times reasonable and within their discretion and authority, and specifically continue to assert that they maintain (and therefore do not waive) qualified immunity from the Lawsuit and from any allegations or causes of action asserted by Jarrar against them relating to or arising out of the Incident.

11.     This Agreement is intended to, and Jarrar represents and warrants that he will, dispose of all liability of Defendants, and each of them, to Jarrar, and to any of his successors, assigns, immediate family members, or present spouse, that might now or in the future have a claim as a result of any injury sustained by Jarrar as a result of the Incident, and that Jarrar will release the Releasees from any such claims.  Should any such further claim be made by any person or entity specified in this paragraph for which Defendants, or any of them might be liable, directly or indirectly, Jarrar agrees to defend, hold harmless and indemnify Defendants, and each of them, from such claims (including those pertaining to attorneys' fees).

### E.   Release of Jarrar by Defendants

12.   In consideration of the General Release and the other covenants contained herein, each of Defendants JetBlue, Harris, and Trotta, does for itself or himself, and for its or his successors and assigns, fully and forever release and discharge Jarrar, and covenants not to prosecute or sue Jarrar and his successors and assigns for or on account of any and all Claims, as defined in this Agreement, including, but not limited to, claims of constitutional violations or discrimination, as well as any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty or in equity, that Defendants, their successors and assigns ever had, now have, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the day of the date of this Agreement, including without limitation any Claims under any federal or state regulation, statute or constitution, or any foreign law, including common law, which were raised or could have been raised in the Lawsuit or the Administrative Proceedings.

13.   It is intended by Defendants and by Jarrar that this Release shall be complete and shall not be subject to any claim of mistake of fact or law by Defendants, and that it expresses a full and complete settlement of liability claimed and denied, as against Jarrar and, that this Release is intended to avoid litigation and to be final and complete.

8

14.     This Agreement is intended to, and the Defendants each represent and warrant that he or it will, dispose of all liability of Jarrar to him or it, and to any of his or its successors or assigns, that might now or in the future have a claim as a result of any injury sustained by him or it as a result of the Incident.

**F.     Miscellaneous**

15.     This Agreement will be binding upon and will inure to the benefit of the signatories hereto and their respective successors and assigns.

16.     No amendments of this Agreement will be valid unless made in writing and signed by all of the signatories hereto.

17.     This Agreement may be executed in duplicate counterparts, each of which will be deemed an original, with the same effect as if the signatures thereto were on the same instrument. Each signatory to the Agreement may execute this agreement by telefax, which shall have the same force and effect as if executed on an original copy.

18.     The Parties further agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

19.     This Agreement, and the parties' performance thereunder, shall be governed by and construed under the laws of the State of New York, without giving effect to its conflicts of law provisions that would result in the application of the law of any other jurisdiction, except to the extent that federal law may apply to

9

supersede or otherwise preempt New York State law.

20.    The Parties represent and warrant that they are not relying on the advice of any other Party, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Agreement; that they have not relied on any representations or statements, written or oral, of any other Party, including, but not limited to, any factual representation regarding the Incident, except insofar as those representations or statements are set forth in this Agreement; and that they are knowingly and voluntarily signing this Agreement and are not subject to duress, coercion, or undue influence by any other Party or by anyone else.

21.    Jarrar represents and warrants that, aside from the Lawsuit and the Administrative Proceedings listed in Exhibit B, he has not filed, will not file, and will not cause to be filed any Claims, complaints, or demands, of any nature whatsoever, arising from or relating to the Incident in any court or tribunal, or with any adjudicatory, legislative, executive or other governmental or private body or agency anywhere in the U.S. or abroad.

22.    The Parties understand that they have the right to obtain legal counsel to review and evaluate this Agreement, and attest that they have done so or else have agreed to waive this right.

23.    If, after the date hereof, any provision of this Agreement is held to be illegal, invalid, or unenforceable, the remaining provisions shall continue in full force and effect.

10

24.    It is the intent of the signatories that no part of this Agreement is to be presumptively construed either against or in favor of any signatory because of the identity of the drafter.

25.    Paragraph headings contained herein are for purposes of organization only and do not constitute a part of this Agreement.

26.    Any communications or notices to be provided pursuant to this Agreement will be sent in writing, and addressed, via commercial overnight delivery service, to the attention of the persons identified below (or as the signatories may subsequently direct in writing):

<u>Jarrar:</u>

    Raed Jarrar, care of Aden Fine, Esq.
    American Civil Liberties Union
    125 Broad Street, 18th Floor
    New York, NY 10004
    Telephone:  (212) 549-2693
    Fax:           (212) 549-2651
    Email:        <u>afine@aclu.org</u>

<u>JetBlue Airways Corp.:</u>

    James G. Hnat, Esq.
    General Counsel and Senior Vice-President
    JetBlue Airways Corporation
    118-29 Queens Boulevard
    Forest Hills, NY 11375

    Copy to:     Christopher G. Kelly, Esq.
    Holland & Knight LLP
    195 Broadway
    New York, NY  10007
    Telephone:  (212) 513-3264
    Fax:           (212) 395-9010
    Email:        <u>christopher.kelly@hklaw.com</u>

Case 1:07-cv-03299-CBA-JO   Document 88   Filed 12/26/2008   Page 12 of 21

<u>Harris and Trotta:</u>

Garfield Harris
Supervisory Transportation Security Inspector -
(Aviation)
Department of Homeland Security
Transportation Security Administration
Office of Security Operations - Compliance Division
John F. Kennedy International Airport
230-59 Rockaway Blvd., Suite 210
Jamaica, NY 11413
Telephone:  (718) 917-3873
Fax: (718) 553-1042
Email: garfield.harris@dhs.gov

Franco Trotta
Security Screening Manager
United States Department of Homeland Security
Transportation Security Administration
Orlando International Airport
5850 P.G. Lee Boulevard Suite 610
Orlando, FL 32822-5000
Telephone:  (407) 319.3381
Email:  franco.trotta@dhs.gov

Copy to:      F. Franklin Amanat, Esq.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Telephone:  (718) 254-6024
Fax:          (718) 254-6081
Email:        franklin.amanat@usdoj.gov


Additional copy to: Gillian Flory, Esq.
Attorney-Advisor (Litigation)
Office of Chief Counsel, TSA-2
Transportation Security Administration
601 South 12th St., E12-116S
Arlington, VA 22202
Telephone:  (571) 227-2670
Fax: (571) 227-1377
Email:  gillian.flory@dhs.gov

27.    This Agreement constitutes the entire agreement and understanding between and among the signatories with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings and negotiations of the parties.

IN WITNESS WHEREOF, the signatories have caused this Agreement to be executed by their duly authorized representatives.

RAED JARRAR

Date: Dec, 23, 2008

JETBLUE AIRWAYS CORP.

By_____
Name_____
Title_____
Date:_____

GARFIELD HARRIS

By_____
Name_____
Title_____
Date:_____

FRANCO TROTTA

By_____
Name_____
Title_____
Date:_____

27.   This Agreement constitutes the entire agreement and understanding between and among the signatories with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings and negotiations of the parties.

IN WITNESS WHEREOF, the signatories have caused this Agreement to be executed by their duly authorized representatives.

RAED JARRAR

_____
Date:_____

JETBLUE AIRWAYS CORP.

By _Jounna Geraght_
Name _Joanna Geraghty_
Title _VP, Assoc. General Counsel_
Date: _12/23/08_

GARFIELD HARRIS

By_____
Name_____
Title_____
Date:_____

FRANCO TROTTA

By_____
Name_____
Title_____
Date:_____

13

27.   This Agreement constitutes the entire agreement and understanding between and among the signatories with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings and negotiations of the parties.

IN WITNESS WHEREOF, the signatories have caused this Agreement to be executed by their duly authorized representatives.

RAED JARRAR

_____
Date:_____

JETBLUE AIRWAYS CORP.

By_____
Name_____
Title_____
Date:_____

GARFIELD HARRIS

By _Garfield Harris_
Name _GARFIELD HARRIS_
Title _SUPERVISORY INSPECTOR_
Date: _12/23/08_

FRANCO TROTTA

By_____
Name_____
Title_____
Date:_____

13

27.    This Agreement constitutes the entire agreement and understanding between and among the signatories with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings and negotiations of the parties.

IN WITNESS WHEREOF, the signatories have caused this Agreement to be executed by their duly authorized representatives.

RAED JARRAR

_____
Date:_____

JETBLUE AIRWAYS CORP.

By_____
Name_____
Title_____
Date:_____

GARFIELD HARRIS

By_____
Name_____
Title_____
Date:_____

FRANCO TROTTA

By_____
Name___Franco Trotta_____
Title___Security Manager_____
Date:___12/23/2008_____

13

BENTON J. CAMPBELL
UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK
COUNSEL FOR DEFENDANTS HARRIS AND TROTTA

By

Name  F. FRANKLIN AMANAT   (FA6117)

Title  Assistant U.S. Attorney, EDNY

Date:  Dec. 23, 2008


SO ORDERED:  12/29/2008


s/Hon. Carol B. Amon
_____
Hon. Carol Bagley Amon
United States District Judge

14

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAED JARRAR,

                                Plaintiff,

            - against -

GARFIELD HARRIS, in his individual capacity;
JETBLUE AIRWAYS, CORP.; and FRANCO
TROTTA, in his individual capacity,

                                Defendants.

Civil Action No.
1:07-cv-03299-CBA-JO

**STIPULATION OF DISMISSAL
WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the

parties hereto, that the above-captioned action is hereby dismissed, with prejudice, and without

fees, costs, or expenses, to any party.

                        Respectfully submitted,

Dated: New York, New York          AMERICAN CIVIL LIBERTIES UNION
December ___, 2008                 FOUNDATION

                        By:_____
                              Aden J. Fine (AF5241)
                        125 Broad Street, 18th Floor
                        New York, NY 10004
                        (212) 549-2500
                        afine@aclu.org

                        - and -

                        NEW YORK CIVIL LIBERTIES UNION
                        FOUNDATION
                        Palyn Hung (PH8007)
                        125 Broad Street, 19th Floor
                        New York, NY 10004
                        (212) 607-3300
                        phung@nyclu.org

                        *Attorneys for Plaintiff*

Dated: New York, New York
December _____, 2008

HOLLAND & KNIGHT LLP


By: _____

        Christopher G. Kelly (CK3865)
        195 Broadway
        New York, New York  10007
        (212) 513-3200
        christopher.kelly@hklaw.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*


Dated: Brooklyn, New York
December _____, 2008

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820


By: _____

        F. FRANKLIN AMANAT (FA6117)
        Assistant United States Attorney
        Eastern District of New York
        (718) 254-6024
        franklin.amanat@usdoj.gov

*Attorney for Defendants*
*Franco Trotta and Garfield Harris*


SO ORDERED:


_____

Hon. Carol Bagley Amon
United States District Judge

## EXHIBIT B

Jarrar and/or his agent(s) have commenced Administrative Proceedings arising from or relating to the Incident with the following agencies:

Department of Homeland Security (contacted on August 29, 2006)

United States Department of Transportation (contacted on August 29, 2006)

Transportation Security Administration (contacted on August 29, 2006)

**EXHIBIT C**

[LETTERHEAD]

December ___, 2008

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

[RECIPIENT]
[ADDRESS]

Dear [RECIPIENT]:

Please be advised that I have settled, to my satisfaction, my claims against JetBlue Airways Corporation and Transportation Security Administration employees Garfield Harris and Franco Trotta, pending in the United States District Court for the Eastern District of New York and captioned *Jarrar v. Harris* et al., Civil Action No. 07-CV-3299(CBA)(JO). I will not pursue any existing or further claims arising out of the alleged incident that took place on August 12, 2006, while I was attempting to travel on JetBlue flight 101 from JFK International Airport to Oakland.

Very truly yours,

Raed Jarrar

cc via Federal Express:

Aden Fine, Esq., American Civil Liberties Union
Christopher G. Kelly, Esq., Holland & Knight LLP
Mr. Garfield Harris
Mr. Franco Trotta
F. Franklin Amanat, Esq., Assistant United States Attorney, E.D.N.Y.
Gillian Flory, Esq., Office of Chief Counsel, Transportation Safety Administration
Palyn Hung, Esq., New York Civil Liberties Union Foundation
Kareem Shora, Esq., American-Arab Anti-Discrimination Committee